**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50365**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>MATTHEW WAYNE DILLS,<br><br>    Defendant-Appellant. | )<br>)  **Filed:  July 2, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for domestic violence or battery in the presence of a child and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Matthew Wayne Dills appeals from his judgment of conviction and sentence for domestic violence or battery in the presence of a child and being a persistent violator.  We affirm Dills' judgment of conviction and sentence.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Dills got into an altercation with his ex-wife while his seven-year-old daughter was in the home.  As a result, the State charged Dills with domestic violence or battery in the presence of a child, I.C. §§ 18-918(2), 18-903(a), and 18-918(4); and with being a persistent violator of the law, I.C. § 19-2514.  Dills pled not guilty, and the case proceeded to trial.  At trial, the victim testified

1

that she and Dills were in the process of getting a divorce and got into an argument, which turned physical. The victim testified that Dills kicked her in the upper, left side causing her to fall off the bed; grabbed her by the hair; put his arm on her neck; and broke her arm. Dills denied the allegations and maintained his innocence. The jury found Dills guilty, after which he admitted to being a persistent violator.

At the sentencing hearing, the district court asked both parties if there was anything in the presentence investigation report (PSI) that needed to be changed or corrected. The State indicated that the PSI incorrectly stated that Dills was twenty years old and reported that he was convicted of domestic violence with traumatic injury, rather than domestic violence in the presence of a child. After Dills indicated there were no further corrections to the PSI, the district court verified his birthdate and stated, "Okay." Although the PSI contained in the appellate record does not itself contain any of these corrections, the district court's order amending the information in the PSI to accurately reflect Dills' date of birth, age, and the correct offense he was found guilty of is included. The district court sentenced Dills to a unified term of ten years, with a minimum period of confinement of three years. Dills appeals.

## II.

## STANDARD OF REVIEW

A district court's decision on a motion to strike or delete portions of a PSI and a district court's sentencing decision are reviewed on appeal for an abuse of discretion. *State v. Ogden*, 171 Idaho 843, 860, 526 P.3d 1013, 1030 (2023). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Dills argues the district court abused its discretion by failing to redline portions of his presentence investigation report (PSI) and by imposing an excessive sentence. We hold that Dills has failed to show an abuse of discretion as to either issue.

2

**A.     Corrections to PSI**

Dills argues the district court abused its discretion after it accepted three corrections to the PSI at the sentencing hearing and issued an order reflecting those corrections but failed to attach the order to the PSI contained in the appellate record or failed to "redline" the corrections in the PSI. Dills asks this Court to remand his case for the district court to redline the corrections in the PSI and distribute it to the Idaho Department of Correction (IDOC). The State agrees that a limited remand is necessary under *State v. Greer*, 171 Idaho 555, 524 P.3d 386 (2023) as to the redline issue. We disagree that a remand is required in this case.

The district court has a dual obligation when addressing challenges to information in a PSI. That dual obligation requires the district court to reject consideration of inaccurate, unfounded, or unreliable information in the PSI and to "redline" any such information. *Id.* 171 Idaho at 562, 524 P.3d at 393. In *Greer*, the defendant proffered corrections to his PSI regarding the status of his initial charges which, if uncorrected, would "leave[] the reader with a material misimpression about the status." *Id.* at 561, 524 P.3d at 392. The Idaho Supreme Court held that, because "there is no indication in the record that the district court made the changes Greer suggested and which were seemingly accepted by the district court," it would be "impossible for a defendant to provide an updated PSI when one does not exist." *Id.* As such, the Court concluded that the defendant's objection and the absence of anything in the record indicating the court made corrections was sufficient to preserve the issue for appeal. *Id.* The Court also rejected the State's argument that "the PSI is accurate so long as it was correct at the time it was written" because doing so would "ignore[] the reality that a PSI may need to be updated to reflect the actual circumstances at the time of or following sentencing." *Id.* at 562, 524 P.3d at 393. The Court stated that, "once the defendant establishes that the information [in the PSI] is inaccurate, and the district court agrees, then the district court has the responsibility to ensure that it is corrected and that the corrected version is included in the record." *Id.*

Unlike in *Greer*, the record in this case demonstrates that the district court, after accepting the proffered changes to Dills' PSI, reflected those changes in an order amending information in the PSI. That order is included in the record on appeal. Thus, to the extent the concern in *Greer* was based on a defendant's inability to access corrections in order to provide a record for appeal,

3

or to ensure that the district court accepted the proffered changes for future consideration in relation to the PSI, that concern does not exist in this case.

Although *Greer* (and other cases) use the word "redline" to describe corrections to the PSI, it is unclear that properly reflecting corrections to the PSI requires an actual red line as opposed to an order requiring such changes be made. The district court's order in this case specifically directs "the following changes, additions, and/or deletions be made to [Dills'] presentence report" followed by a specific list of changes. An order requiring corrections and delineating those corrections is the equivalent of, if not superior to, a "redline" reflecting the same. We see no reasoned basis for elevating a redline approach over a court order in the context of corrections to a PSI as a means of creating an adequate record and ensuring an accurate PSI. Therefore, we decline the parties' request to remand to require the district court to do something it has already done.

## B.      Excessive Sentence

Dills also argues his unified ten-year sentence, with a minimum period of confinement of three years, is excessive. Specifically, he contends the district court should have suspended his sentence and placed him on probation in light of the mitigating factors, including his abusive childhood, sobriety, physical health, ability to maintain gainful employment, and positive support system. The State responds that, in fashioning Dills' sentence, the district court considered the parties' sentencing arguments and recommendations and Dills' own statement.

Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**IV.**

4

## CONCLUSION

The district court's order amending the PSI satisfies the requirement that the district court "redline" a PSI to correct inaccuracies or make other accepted changes. Dills has not shown the district court abused its discretion in imposing his sentence. Accordingly, Dills' judgment of conviction and sentence are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.